UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECTRO SCIENTIFIC, INC., a<br>Massachusetts Corporation<br>　　　　　Plaintiff<br><br>v.<br><br>SPECAC, INC., a Delaware corporation<br>SPECAC LTD., a United Kingdom company<br>　　　　　Defendants | Case No. _____<br><br>**COMPLAINT FOR PATENT<br>INFRINGEMENT, UNFAIR<br>COMPETITION, UNJUST<br>ENRICHMENT, AND JURY<br>TRIAL DEMAND** |

## NATURE OF THE ACTION

Plaintiff Spectro Scientific, Inc. brings this action for patent infringement, unfair competition and unjust enrichment against Defendants SPECAC, Inc. and SPECAC Ltd.

## PARTIES

1.      Plaintiff Spectro Scientific, Inc. is a Massachusetts corporation with a place of business at One Executive Drive, Suite 101, Chelmsford, MA  01824.

2.      Defendant Specac, Inc. is a Delaware corporation having a place of business at 414 Commerce Drive, Suite 175, Fort Washington, PA  19034.

3.      Defendant Specac Ltd. is a company of the United Kingdom having a place of business at River House 97 Cray Avenue, Orpington, Kent BR5 4HE.

4.     The Defendants manufacture and provide into the United States a wide range of products including infrared spectrometer instrument accessories.

5.     Upon information and belief, Specac, Inc. manages the North American operations of Specac Ltd.

## JURISDICTION

6.     This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) (any act of Congress relating to Patents or Trademarks) and 28 U.S.C. §1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the patent laws).

7.     This court has personal jurisdiction over the Defendants because each of the Specac entities has committed and continues to commit acts of patent infringement in violation of 35 U.SC. §271 by placing infringing products in the stream of commerce with the knowledge or understanding that such products are offered for sale, sold, and used in the Commonwealth of Massachusetts.  Such acts by the Defendants cause injury to Spectro Scientific, Inc. within this District.  Upon information and belief, the Defendants derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

## VENUE

8.       Venue is proper in this District under 28 U.S.C. §1391(b), §1391(c), and 28 U.S.

§1400(b) because the Defendants transact business within this District and offer for sale

in this District products that infringe the Plaintiff's patents.  In addition, venue is proper

because Plaintiff's principal place of business is in this District and Plaintiff has suffered

harm in this District.  Moreover, a substantial part of the events giving rise to the

complaint occurred in this District.


## ALLEGATIONS PERTAINING TO ALL COUNTS

9.       Plaintiff Spectro Scientific, Inc. invented, designed, manufactures, and sells an

infrared (IR) spectrometer flip top sample head and was awarded U.S. Patent No.

8,384,895 (February 26, 2013) and U.S. Patent No. 8,867,034 (October 21, 2014) both

based on a patent application (Serial No. 12/321,399) filed January 20, 2009.


10.      The Plaintiff's novel spectrometer flip top sample head is easy to use and easy to

clean between uses and has enjoyed commercial success.


11.      Defendants manufacture, offer for sale, and sell infrared spectroscopy accessories

which Defendants' customers use in conjunction with their infrared spectrometer analysis

instruments.

12.     Recently, Defendant's introduced a "Pearl" spectrometer flip top sample head with an "Oyster" lift and tilt cell assembly which is allegedly easy to use and easy to clean. The "Oyster" cell is alleged to open and close like an oyster.

13.     The primary if not sole purpose of the "Pearl" product is to interface with infrared spectrometer instruments owned by a customer of the Defendants.

14.     The "Pearl" product, when coupled to an infrared spectrometer instrument, results in a system with an internal source of infrared radiation.

15.     Defendants further tout that its "Pearl" product is easily installed into a wide variety of commercially available spectrometer instruments.

16.     Spectro Scientific, Inc. has studied the Defendant's "Pearl" product announcements, video demonstrations, and data sheets and concluded that the Defendants' "Pearl" product infringes one or more claims of Plaintiff's U.S. Patent Nos. 8,384,895 and 8,867,034.

17.     As shown in Appendix A hereto, Defendants' "Pearl" product includes an "Oyster" flip top sample cell and is used with spectroscopy instruments including a source of infrared radiation.  The "Oyster" flip top sample cell includes two hinged plates each with a window.  An oil sample is placed on one window and the plates are coupled

together and slid into a channel of the product housing.  Spacers, i.e. kinematic mounts, define a predefined spacing between the windows.

18.     In April of 2016, a representative of Spectro Scientific, Inc. notified the Defendants concerning Spectro Scientific, Inc.'s patents and Spectro Scientific, Inc.'s representative and a representative of the Defendants thereafter exchanged information concerning the Defendants' "Pearl" product.

## COUNT 1

### DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 8,384,895 IN VIOLATION OF 35 U.S.C. §271(a).

19.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 18 of this Complaint.

20.     Defendants either individually and/or collectively offer for sale, make, use, and/or sell into the United States a "Pearl" spectrometer flip top sample head which directly infringes claims 17-20 and 22 of U.S. Patent No. 8,384,895 in violation of 35 U.S.C. §271(a).

21.     Defendants willfully, knowingly, and intentionally infringe U.S. Patent No. 8,384,895.

## COUNT II

### DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 8,867,034 IN

### VIOLATION OF 35 U.S.C. §271(a).

22.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 21 of this Complaint.

23.     Defendants either individually and/or collectively offer for sale, make, use, and/or sell into the United States a "Pearl" spectrometer flip top sample head which directly infringes at least claims 1-4 and 7-9 of U.S. Patent No. 8,867,034 in violation of 35 U.S.C. §271(a).

24.     Defendants willfully, knowingly, and intentionally infringe U.S. Patent No. 8,867,034.

## COUNT III

### INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,384,895 IN

### VIOLATION OF 35 U.S.C. §271(b).

25.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 24 of this Complaint.

26.     Defendants either individually and/or collectively actively encourage, aid or otherwise cause Defendants' customers to directly infringe claims 1-5, 6, 9, and 12-16 of U.S. Patent No. 8,384,895.

27.     Defendants intend that their customers directly infringe said claims of U.S. Patent No. 8,384,895 in violation of 35 U.S.C. §271(a).

28.     Defendants are on notice of U.S. Patent No. 8,384,895 and Defendants know that its acts induce and result in patent infringement.

29.     Defendants, either individually and/or collectively actively, induce infringement of U.S. Patent No. 8,384,895 in violation of 35 U.S.C. §271(b).

## COUNT IV

### INDUCEMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,867,034 IN VIOLATION OF 35 U.S.C. §271(b).

30.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 29 of this Complaint.

31.     Defendants either individually and/or collectively actively encourage, aid or otherwise cause Defendants' customers to directly infringe claim 15 of U.S. Patent No. 8,867,034.

32.     Defendants intend that their customers directly infringe said claim of U.S. Patent No. 8,867,034 in violation of 35 U.S.C. §271(a).

33.     Defendants are on notice of U.S. Patent No. 8,384,895 and Defendants know that its induced acts result in patent infringement.

34.     Defendants, either individually and/or collectively actively induce infringement of U.S. Patent No. 8,867,034 in violation of 35 U.S.C. §271(b).

## COUNT V

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,384,895 IN VIOLATION OF 35 U.S.C. §271(c).

35.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 34 of this Complaint.

36.     Defendants, either individually and/or collectively offer to sell and/or sell within the United States and/or import into the United States a component of a device patented in claims 1-5, 6, 9, and 12-16 of U.S. Patent No. 8,384,895.

37.     Defendants' "Pearl" product constitutes a material part of the invention claimed in claims 1-5, 6, 9, and 12-16 of U.S. Patent No, 8,384,895.

38.    Said "Pearl" product is not a staple article or commodity of commerce suitable for a substantial non-infringing use.

39.    Defendants were on notice of U.S. Patent No. 8,384,895 and knew that their acts constituted contributory infringement.

40.    Defendants knew that their customers who purchase the "Pearl" product directly infringe claims 1-5, 6, 9, and 12-16 of U.S. Patent No. 8,384,895 and Defendants' customers do directly infringe said claims of said patent.

41.    Thus, Defendants are liable as contributory infringers pursuant to 35 U.S.C. §271(c).

## COUNT VI

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,867,034 IN VIOLATION OF 35 U.S.C. §271(c).

42.    Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 41 of this Complaint.

43.    Defendants, either individually and/or collectively offer to sell and/or sell within the United States and/or import into the United States a component of a device patented in claim 15 of U.S. Patent No. 8,867,034.

44.    Defendants' "Pearl" product constitutes a material part of the invention claimed in claim 15 of U.S. Patent No, 8,867,034.

45.    Said "Pearl" product is not a staple article or commodity of commerce suitable for a substantial non-infringing use.

46.    Defendants were on notice of U.S. Patent No. 8,867,034 and knew that their acts constituted contributory infringement.

47.    Defendants knew that their customers who purchase the "Pearl" product directly infringe claim 15 of U.S. Patent No. 8,867,034 and Defendants' customers do directly infringe said claim of said patent.

48.    Thus, Defendants are liable as contributory infringers pursuant to 35 U.S.C. §271(c).

## COUNT VII

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF M.G.L. CHAPTER 93A

49.     Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through 48 of this Complaint.

50.     The acts of the Defendants described above constitute unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade or commerce within the Commonwealth of Massachusetts.

51.     Defendants acted willfully and intentionally to compete unfairly with Spectro Scientific, Inc. and as a direct and proximate result of Defendants' wrongful conduct Spectro Scientific, Inc. has been injured in fact and lost money and profits and such harm will continue unless Defendants' acts are enjoined by this court.

52.     Defendants were on notice of its infringement and failed to abate such infringement.

53.     Upon information and belief, Defendants failed to obtain a reasonable, independent, and competent option of counsel.

54.     Moreover, Defendants' unfair and deceptive practices have caused Defendants' customers to infringe Plaintiff's patents.

55.    Defendants should be required to restore to Spectro Scientific, Inc. any and all

profits earned as a result of Defendants' unlawful and fraudulent actions and/or provide

Spectro Scientific, Inc. with any other restitutionary relief as the court deems appropriate.

## COUNT VIII

UNJUST ENRICHMENT

56.    Spectro Scientific, Inc. hereby incorporates and re-alleges paragraphs 1 through

55 of this Complaint.

57.    As a result of the conduct alleged herein, Defendants and each of them have been

unjustly enriched to the detriment of Spectro Scientific, Inc.

58.    Spectro Scientific, Inc. seeks an accounting and discouragement of all ill-gotten

gains and profits resulting from Defendants' inequitable activities.

## PRAYER FOR RELIEF

Wherefore, Spectro Scientific, Inc. prays for relief as follows:

(a)    a judgment that Defendants have infringed one or more claims of each of

Spectro Scientific, Inc.'s asserted patents, that Defendants have engaged in unfair and

deceptive practices, and that Defendants have been unjustly enriched;

(b)      an order and judgment preliminary and permanently enjoining the Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys and all others acting in privity or in concert with them and any parent companies, subsidiaries, divisions, successors, and assigns from further acts infringement of Spectro Scientific Inc.'s asserted patents and from further acts of unfair and deceptive practices;

(c)      a judgment awarding Spectro Scientific, Inc. all damages adequate to compensate for the Defendants' infringement of Spectro Scientific Inc.'s asserted patents and in no event less than a reason royalty for the Defendants' acts of infringement including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d)      a judgment awarding Spectro Scientific, Inc. all damages, including treble damages, based on any infringement found to be willful pursuant to 35 U.S.C. §284 together with pre-judgment interest;

(e)      a judgment awarding Spectro Scientific, Inc. its attorney fees pursuant to 35 U.S.C. §285;

(f)      actual damages suffered by Spectro Scientific, Inc. as a result of the Defendants' unlawful conduct in an amount to be proven at trial, as well as pre-judgment interest as authorized by law;

(g)    punitive damages, treble damages, costs, and attorney fees pursuant to

Massachusetts General Law Chapter 93A;

(h)    restitutionary relief against Defendants in favor of Spectro Scientific, Inc.

including disgorgement of wrongfully obtained profits and any other appropriate relief;

(i)    the costs of this suit and reasonable attorney fees; and

(j)    any other remedy to which Spectro Scientific, Inc. may be entitled.

Respectfully submitted,
Attorneys for the plaintiff,
SPECTRO SCIENTIFIC, INC.

_____ 5/2/16
Dated

_____
Kirk Teska
BBO #559192
Iandiorio Teska & Coleman, LLP
255 Bear Hill Road
Waltham, MA 02451
Tel:  781-890-5678
Fax:  781-890-1150

_____ 5/2/16
Dated

_____
Roy J. Coleman
BBO #652243
Iandiorio Teska & Coleman, LLP
255 Bear Hill Road
Waltham, MA 02451
Tel:  781-890-5678
Fax:  781-890-1150

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Spectro Scientific,

Inc. hereby demands a trial by jury on all issues raised by the Complaint.

Respectfully submitted,
Attorneys for the plaintiff,
SPECTRO SCIENTIFIC, INC.

_____5|2|16_____
Dated

_____
Kirk Teska
BBO #559192
Iandiorio Teska & Coleman, LLP
255 Bear Hill Road
Waltham, MA 02451
Tel:  781-890-5678
Fax:  781-890-1150

_____5|2|16_____
Dated

_____
Roy J. Coleman
BBO #652243
Iandiorio Teska & Coleman, LLP
255 Bear Hill Road
Waltham, MA 02451
Tel:  781-890-5678
Fax:  781-890-1150